UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HARTFORD FIRE INSURANCE. CO. a/s/o           :
Klearwall Industries, Inc.
                                              :        Civil Action No.
            Plaintiff,                        :
v.                                            :
MAERSK LINE, a division of the A.P. Moller –
Maersk Group, BLANCHARD TRANSPORTA-          :
TION SERVICES, INC., ALBATRANS, INC.
and XYZ Corp.,                                :        **COMPLAINT**

            Defendants.                       :
------------------------------------------------------------x


        Plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o Klearwall Industries, Inc., by way of

Complaint against the defendants, and each of them, says:


### JURISDICTION AND VENUE

        1.      This action seeks recovery of a claim for damaged and/or loss of freight in transit,

which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 - the Carriage of Goods by

Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. § 1331 (Federal Question).


        2.      Venue is proper in the United States District Court for District of New York, pursuant

to **Paragraph 26** of the Terms and Conditions of the Bill of Lading of the defendant, **MAERSK

LINE.**


        3.      Venue is otherwise proper in the United States District Court, Southern District of

New York, since the defendants regularly and systematically conducted business within the State of New York and/or contracted to supply goods or services within the State of New York such that valid service of process was or could have been made on the defendants in this district.

## THE PARTIES

4.      At all times hereinafter mentioned, the plaintiff, HARTFORD, was and is a domestic insurance company authorized to conduct business of insurance within the States of New York and did insure Klearwall Industries, Inc. and is now subrogated to its rights, title, and interest, by reason of its payment of Klearwall's claim, resulting from the facts asserted herein.

5.      Upon information and belief, and at and during all times hereinafter mentioned, defendant, MAERSK LINE, a division of the A.P. Moller-Maersk Group, has a principal place of business at 180 Park Ave, Florham Park, NJ 07932, and is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is a common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

6.      Upon information and belief, and at and during all times hereinafter mentioned, defendant, BLANCHARD TRANSPORTATION SERVICES, INC. has an office and place of business at 400 Long Beach Boulevard, Stratford, Connecticut 06615, and is a motor carrier authorized, under MC No. 378839 of the Federal Motor Carrier Safety Administration, to transport property in interstate commerce throughout the 48 contiguous States.

7.      Upon information and belief and at and during all times hereinafter mentioned, defendant, ALBATRANS, INC. holds themselves out as a motor carrier, NVOCC, ocean carrier, freight forwarder and is otherwise a common carrier of goods for hire.

8.      Upon information and belief, at and during all times hereinafter mentioned, XYZ

Corp. was either an ocean carrier, surface carrier, NVOCC, freight forwarder, and otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

## STATEMENT OF CLAIM

9.      On or before **February 23, 2017**, plaintiff's insured, Klearwall Industries, Inc., entered in a certain agreement with Munster Joinery located in Cork, Ireland to purchase certain windows.

10.      On or before February 23, 2017, plaintiff contracted with the defendant, Albatrans, Inc., to transport the shipment of windows from its vendor, Munster Joinery, from Ireland to Virginia.

11.      Said shipment was intended to move by ocean carrier and thereafter by truck.

12.      The shipment at issue was tendered to defendant in good order and condition, under **Maersk's Bill of Lading Nos. MAEU959339861 and MAEU959284243 and Container Nos. MSKU 4769869 and MSKU 4746610.**

13.      On or before February 23, 2017, and while in transit or in possession of the defendants and each of them, the 211 windows and associated parts, transported by defendants and each of them sustained loss or damage, as a result of the shipment being subject to extreme movements and heavy forces.

14.      Two of the containers, namely **MSKU 4769869 and MSKU 4746610,** sustained damage in excess of $306,760.02.

15.      On or about March 2 and March 3, 2017, upon the arrival of the goods to the Blanchard Transportation warehouse located in Stratford, Connecticut, it was noted that

plaintiff's goods were damaged and rendered unusable.

16.    As a result of defendants' failure to deliver the shipment in good order and condition at destination, plaintiff has sustained actual damages in the amount of **$306,760.02**.

## FIRST COUNT
## (COGSA)

17.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

18.    Plaintiff and defendant entered into a contract for ocean carriage pursuant to and subject to COGSA.

19.    Defendants and each of them breached their contract for ocean carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

20.    As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## SECOND COUNT
## (COMMON LAW BREACH OF CONTRACT)

21.    Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 as if fully set forth herein.

22.    Plaintiff and defendants entered into a contract to provide transportation services including a common law contract for carriage and/or bailment.

23.    Defendants and each of them breached their common law contract to provide

transportation services, the contract for carriage and/or bailment by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

24.     As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages for breach of contract, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.


**WHEREFORE,** plaintiff, HARTFORD FIRE INSURANCE. CO. a/s/o Klearwall Industries, Inc., demands judgment against the defendants MAERSK LINE, a division of the A.P. Moller – Maersk Group, BLANCHARD TRANSPORTATION SERVICES, INC., ALBATRANS, INC. and XYZ Corp. in the total amount of **$306,760.02**, together with pre-judgment and post-judgment interest thereon, an award of reasonable attorney's fees, and costs of suit to be taxed against defendants and for such other and further relief as this court may deem just and proper in this matter.

Dated: January 8, 2018

_____

Gerard F. Smith, Esq. (GS-1657)
PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey  07834
(973) 586-6700
*Attorneys for Plaintiff*