26-18/ROSS
FREEHILL, HOGAN & MAHAR, LLP
*Attorneys for Defendant*
*Maersk Line*
80 Pine Street, 25th Floor
New York, New York 10005-1759
(212) 425-1900
James L. Ross, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HARTFORD FIRE INSURANCE CO.
a/s/o Klearwall Industries, Inc.,

                                    Plaintiff,

      -against -

MAERSK LINE, a division of the
A.P. Moller-Maersk Group, BLANCHARD
TRANSPORTATION SERVICES, INC.,
ALBATRANS, INC. and XYZ CORP.,

                                  Defendants.
----------------------------------------------------------X

18 Civ. 00121-PKC

**ANSWER TO COMPLAINT**
**WITH CROSS-CLAIM**

       Defendant, MAERSK LINE ("MAERSK"), by its attorneys Freehill Hogan & Mahar LLP, answering the Complaint herein, alleges upon information and belief as follows:

       1.     Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 1 of the Complaint.

       2.     Admits the allegations contained in Paragraph 2 of the Complaint.

       3.     Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

       4.     Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 4 of the Complaint.

483368.1

5. Admits that MAERSK is a foreign corporation or business entity with an office at 180 Park Avenue, Florham Park, NJ 07932, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant MAERSK repeats and realleges each and every admission and denial as set forth in Paragraphs 1 through 16 of this Answer as if fully set forth herein in response to Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 20 of the Complaint.

21. Defendant MAERSK repeats and realleges each and every admission and denial as set forth in Paragraphs 1 through 20 of this Answer as if fully set forth herein in response to Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

### **FIRST AFFIRMATIVE DEFENSE**

25. The Complaint fails to state a claim or cause of action against Defendant MAERSK upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26. If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by Plaintiff, shipper, cargo owner, consignee, holder of the said bills(s) of lading and/or Co-Defendants ALBATRANS, inc. and XYZ Corp. and while the shipment was in the care, custody, carriage and/or transport of the foregoing agents or contractors acting on Plaintiff's behalf.

## THIRD AFFIRMATIVE DEFENSE

27. The shipment referred to in the Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq. (as recodified), and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the shipment described in the Complaint, which is denied, the Defendant MAERSK is not liable by virtue of the terms of the aforementioned dock receipt(s), bills(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

## FOURTH AFFIRMATIVE DEFENSE

28. If the loss or damage alleged in the Complaint occurred, which is denied, it was at some point in time prior to the time that the shipment in question was allegedly tendered to MAERSK.

483368.1

## FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff failed to give timely notice of its claim.

## SIXTH AFFIRMATIVE DEFENSE

30. Any liability of the Defendant MAERSK, which is denied, is limited in amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq.

## SEVENTH AFFIRMATIVE DEFENSE

31. If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the Defendant MAERSK.

## EIGHTH AFFIRMATIVE DEFENSE

32. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff, Co-Defendant ALBATRANS, Inc. or others over whom Defendant MAERSK has no control and for whom it has no liability.

## NINTH AFFIRMATIVE DEFENSE

33. The shipment referred to in the Complaint were allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts, the Defendant MAERSK is not liable to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

34. If any loss or damage to the shipment occurred, as alleged in the Complaint, which is denied, such loss or damage arose or resulted from excepted causes under COGSA or

the act or neglect of ALBATRANS, Inc. and/or third-parties over whom the Defendant MAERSK has no control and for whom it has no liability.

### ELEVENTH AFFIRMATIVE DEFENSE

35. In the event that the Plaintiff can prove damages and liability, Defendant MAERSK maintains that the Plaintiff failed to mitigate these damages.

### ELEVENTH AFFIRMATIVE DEFENSE

36. The subject claim of Plaintiff is time-barred.

**WHEREFORE**, the answering Defendant MAERSK prays:

(1) That judgment be entered in favor of the Defendant MAERSK and against Plaintiff dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to answering Defendant, and

(2) That Defendant MAERSK have such other, further and different relief as the Court deems just and proper in the premises.

### MAERSK'S CROSSCLAIM AGAINST CO-DEFENDANT ALBATRANS, INC. ("ALBATRANS")

Defendant MAERSK, by and through its undersigned attorneys, brings the following Crossclaim against ALBATRANS and states as follows:

1. Crossclaimant MAERSK incorporates by reference its answers to all paragraphs of Plaintiff's Complaint and all Affirmative Defenses set forth in its Answer, as though fully set forth herein at length.

2. At all times material to the claim set forth in Plaintiff's Complaint, upon information and belief, ALBATRANS is a non-vessel operating common carrier ("NVOCC")

who issued bills of lading contracts of carriage and acted as a common carrier in connecting with the shipment referred to in the Complaint.

3. If the damages alleged in Plaintiff's Complaint are proven at trial to be true, which is denied, then said damages were occasioned in whole or in part by the fault, negligence, breaches of contract, and/or breaches of warrant (express or implied) of Co- Defendant ALBATRANS, its officers, agents, servant or employees, and the Plaintiff should recover said damages directly from ALBATRANS.

4. If liability and damages alleged in Plaintiff's Complaint are proven at trial to be true, which is denied, then Co-Defendant ALBATRANS should be required to indemnify MAERSK for any amount it may be required to pay including costs, disbursements and reasonable attorney's fees incurred by MAERSK in defense of this action.

5. If it is determined that MAERSK is somehow liable to the Plaintiff for the damages alleged in the Complaint, which is denied, then such liability derives in whole or in part from the fault, negligence, and/or breaches of express or implied warranties and/or contractual obligations and/or obligations imposed by treaty or statute by ALBATRANS, its officers, agents, servants or employees, and MAERSK should have recovery over and against ALBATRANS and be indemnified by, or secure contribution from ALBATRANS for all such sums so recovered against MAERSK, inclusive of counsel fees and expenses.

**WHEREFORE**, for each of the reasons set for above, Crossclaimant MAERSK demands judgment by way of indemnity or contribution over and against CO-Defendant ALBATRANS together with any other further relief the Court deems just and proper. In addition, it is requested that Co-Defendant ALBATRANS be held directly liability to Plaintiff.

483368.1

Dated: New York, New York
April 5, 2018

                                FREEHILL, HOGAN & MAHAR, LLP
                                *Attorneys for Defendant*
                                *Maersk Line*

                                By: _____
                                James L. Ross, Esq.
                                80 Pine Street
                                New York, NY 10005
                                Tel: (212) 425-1900 / Fax: (212) 425-1901
                                Email: ross@freehill.com

TO:    Gerard F. Smith, Esq.
        PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
        One Broadway
        Denville, NJ 07834
        *Attorneys for Plaintiff*
        *Hartford Fire Insurance Co.*
        *a/s/o Klearwall Industries, Inc.*

        Andrew R. Spector, Esq.
        Troy Geisser, Esq.
        SPECTOR RUBIN, P.A.
        3250 Mary Street, Suite 405
        Miami, L 33133
        *Attorneys for Defendant*
        *Albatrans, Inc.*

483368.1