LAW OFFICES
# PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, L.L.C.

| | | |
|---|---|---|
| GEORGE CARL PEZOLD[†]<br>GERARD F. SMITH[*]<br>THOMAS R. HIRSCHMANN[†]<br>RAYMOND A. SELVAGGIO[†]<br><br>† ADMITTED IN NY<br>* ADMITTED IN NJ<br><br>GERARD F. SMITH<br>NJ Managing Partner<br>smith@transportlaw.com | ONE BROADWAY, SUITE 201<br>DENVILLE, NEW JERSEY 07834<br><br>TELEPHONE: (973) 586-6700<br>FACSIMILE: (973) 586-0955<br>email: pshsnj@transportlaw.com | NEW YORK OFFICE<br>120 MAIN STREET<br>HUNTINGTON, NY 11743-6936<br>TELEPHONE: (631) 427-0100<br>FACSIMILE: (631) 549-8962<br><br>– A NEW YORK LLC –<br><br>WILLIAM J. AUGELLO<br>(1924-2006)<br><br>OF COUNSEL<br>STEPHEN W. BEYER[†] |

June 7, 2018

*Via ECF Filing*

Hon. P. Kevin Castel, U.S.D.J.
Southern District Court of New York
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007-1312

      Re:    Hartford Fire Ins. Co. a/s/o Klearwall Industries, Inc. v. Maersk Line, et al.
              Civil Action No. 18-00121
              **JOINT LETTER**

Dear Judge Castel:

      Our office represents the plaintiff, Hartford Fire Ins. Co. a/s/o Klearwall Industries, Inc. regarding the above-captioned matter. The parties hereby submit this **Joint Letter**, pursuant to the **Initial PreTrial Conference** scheduled before Your Honor on **Tuesday, June 12, 2018, 11:00 AM.**

Brief Description of the Case,
Including Claims and Defenses:

      **Plaintiff, Hartford Fire Ins. Co. a/s/o Klearwall Industries, Inc.:**

      This is an action seeking loss and damage of windows and associated parts being shipped from Cork, Ireland to the U.S. on or before February 23, 2017. When the windows and associated parts arrived at the warehouse in Stratford, Connecticut, it was discovered that the 211 windows and associated parts, transported by the defendants, and each of them, sustained loss and damage in excess of $306,702.02.

      **Defendant, Maersk Line:**

      The subject claim alleges physical damage to 211 glass windows and parts ("the shipment"). Defendant, Maersk Line ("Maersk") provided the Plaintiff with ocean transportation from Cork, Ireland to Newark, New Jersey and supplied the Plaintiff with two 40 foot containers

Hon. P. Kevin Castel, U.S.D.J.
Page 2
June 7, 2018

"the containers") for carrying the shipment. The voyage was uneventful. Maersk was not present when the shipment was loaded into the containers. Under Maersk's bill of lading contract with the Plaintiff, it had no responsibility for loading and securing the shipment inside the containers. Apparently the shipment allegedly became damaged because it was not properly loaded and secured inside the containers. The attending surveyor National Cargo Bureau acting on behalf of Plaintiff concluded that "the supporting and bracing structures as well as the securing and lashing arrangements [inside the containers] failed to provide adequate protection".

Under the circumstances, Maersk maintains that it has no liability to the Plaintiff under the terms of their bill of lading contract of carriage and the United States Carriage of Goods by Sea Act (COGSA); 46 U.S.C.§ 1300 et.seq.

### Defendant, Albatrans, Inc.:

Albatrans, was the inbound customs broker for the Cargo on behalf of the consignee, Klearwall. On March 7, 2017, Albatrans filed the Customs Entry Summary (Form 7501) for the importation of the Cargo. The Customs form identifies Klearwall as the importer of record ("IOR") and consignee. Subsequent to the release of the cargo for customs purposes having been effectuated Albatrans and issued a delivery order to arrange for the movement of the Cargo from the Port Newark Container Terminal, LLC to Blanchard Transportation Service[1] ("BTS") in Stratford, Connecticut. The delivery order is signed by BTS; it notes that the Cargo shifted and was damaged. On March 15, 2017, BTS issued two (2) delivery receipts for the cargo, which further note that the load shifted, and the Cargo was damaged. Albatrans was not responsible for outbound packing, supporting and bracing structures for this movement. Nevertheless, to the extent plaintiff can prove the cargo was damaged in ocean transit or ground transit, Albratrans did not issue a house bill of landing, truck bill of lading nor was it the ocean carrier or ground carrier. In fact, plaintiff must concede that BTS was the ground carrier and Co-defendant Maersk was the ocean carrier. The subject complaint identifies only Maersk bills of lading. In this regard, it should be noted that plaintiff asserts in its complaint that Albatrans was a carrier for these goods. Albatran's role was limited to customs clearance and arranging for transit and as such it has no responsibility for the subject claim.

Contemplated Motions:   There are no contemplated motions at this time. However, Albtrans will seek to file a summary judgement at the appropriate juncture in this case to establish it was not responsible for plaintiff's claims.

---

[1] BTS was dismissed by Plaintiff. BTS noted the exception to the cargo on the delivery receipts. Accordingly, the damage likely occurred prior to the delivery by BTS.

Hon. P. Kevin Castel, U.S.D.J.
Page 3
June 7, 2018

<u>Prospect for Settlement:</u>   Settlement discussions have not taken place at this time.

Pursuant to Your Honor's Order dated January 19, 2018, the parties will submit a proposed Case Management Plan to Your Honor, at the Conference.

Respectfully submitted,

Gerard F. Smith

GFS/rlf
cc:   James L. Ross, Esq.
      *Attorneys for Defendant, Maersk Line*

      Andrew R. Spector, Esq.
      Troy Geisser, Esq.
      *Attorneys for Defendant, Albatrans, Inc.*