UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARTFORD FIRE INSURANCE, CO. a/s/o
Klearwall Industries, Inc.,

    Plaintiff,                                                             Civil Action No. 18-cv-00121-PKC

v.

MAERSK LINE, a division of the A.P. Moller-Maersk Group, ALBATRANS, INC., SAPSAN, LLC, and XYZ Corp.,

    Defendants.
_____/

### DEFENDANTS', ALBATRANS, INC. AND MAERSK LINE, RESPONSE TO DEFENDANT SAPSAN, LLC'S MOTION TO DISMISS

Defendants, ALBATRANS, INC. (hereinafter "Albatrans") and MAERSK LINE (hereinafter "Maersk"), respond to the motion to dismiss filed by Defendant, SAPSAN, LLC (hereinafter "Sapsan"). (See [Dkt. # 50]).

### INTRODUCTION AND BACKGROUND

This litigation is a claim by Plaintiff for alleged physical damage to a shipment of glass products ("SHIPMENT"). The SHIPMENT was transported by sea in two containers from Cork, Ireland to Newark, New Jersey. Defendant Maersk provided this ocean transportation to Newark. At Newark, the SHIPMENT was received by Sapsan, who is the trucking company that was employed to take delivery of the SHIPMENT at the Port of Newark and deliver it to the final destination in Stratford, Connecticut. Defendant Albatrans had *arranged* for the above transportation of the SHIPMENT. When Sapsan arrived in Connecticut, the containers were opened, and the SHIPMENT was purportedly found to be physically damaged. The delivery receipts from Sapsan are attached to the Declaration of Yulian Nilsen as Exhibits A and B [Dkt. # 52], which show there was physical damage to the SHIPMENT. Under the Maersk bill of

lading contract, Maersk's responsibility ended upon delivery of the containers to Sapsan at the Port of Newark.

Plaintiff filed suit against Maersk, Albatrans and Sapsan. Sapsan filed a Motion to Dismiss the Complaint on the ground that the Court lacks personal jurisdiction. The Court then allowed the parties to proceed with Discovery limited to the Sapsan jurisdiction issue. This Discovery included taking the deposition of Sapsan through Yulian Nilsen, the Owner of Sapsan.

Sapsan testified that it drove through the State of New York to deliver the SHIPMENT from the Port of Newark, New Jersey to Stratford, Connecticut. (See Dep. Nilsen p. 49, line 22 – p. 50, line 24). Further, Sapsan testified that Albatrans was in fact a freight forwarder for the subject shipment, and that Albatrans is a New York entity, with an office in New York. (See Dep. Nilsen p. 12, lines 19-22; p. 53, lines 2-4).

With respect to Sapsan's business generally, Sapsan is registered with the Federal Motor Carrier Safety Administration ("FMCSA") as an interstate carrier with United States Department of Transportation ("DOT") number 1886539; accordingly, Sapsan is authorized to deliver goods to the State of New York. In fact, Sapsan receives and delivers goods within the State of New York. (See Dep. Nilsen p. 27, lines 16-22; p. 47, lines 12-19; p. 56, lines 4-11). Further, Nilsen testified that Sapsan conducts business with other freight forwarders in New York, including Kay International and BNX Shipping. (See Dep. Nilsen p. 16, lines 6-11). Further, Sapsan "only service[s] the Port of New York." (See Dep. Nilsen p. 18, lines 8-16). In this regard, Sapsan pays New York Highway use tax and files a MT-903 web highway tax return with the State of New York. (See Dep. Nilsen p. 26, lines 16-18; p. 44, lines 9-12). Pursuant thereto, Sapsan drove 23,166 miles in the State of New York during 2017. (See Nilsen Dep. p. 45 line 3 – p. 46, line 12). In addition, Sapsan's current insurance agent is located in Staten Island, New York. (See

Dep. Nilsen p. 55, lines 3-14).

## APPLICABLE LAW

New York Courts have found jurisdiction over a motor carrier where it has designated an agent for purposes of services of process and traverses the roads of the state to constitute consent to be sued in federal court in that state. *Falzon v. Johnson,* 2012 WL 4801558 (E.D.N.Y. Sept. 11, 2012) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 173 (1939). Here, Sapsan, as a motor carrier operating in interstate commerce, is required "to designate an agent for service of process in order to 'protect the public from accidents growing out of the negligent use of motor vehicles engaged in interstate transportation.'" *Rounds v. Rea,* 947 F.Supp. 78, 83 (W.D.N.Y. 1996). Thus, even though motor carriers may not have physical property or station agents at all times within a particular state, they are treated as "if physically present in each of the States through which they are licensed to operate . . . [and] for the purpose of answering process of the courts of such jurisdiction, legally to be found therein and inhabitants thereof. *Falzon v. Johnson,* 2012 WL 4801558 (E.D.N.Y. Sept. 11, 2012) (citing *Ocepek v. Corp. Transport, Inc.,* 950 F.2d 556, 560 (8th Cir. 1991).

> New York courts have consistently held that the designation of an agent for service or process by a federally regulated motor carrier constitutes consent to suit in New York. *See, e.g., Pena v. R & B Transp.,* 93 A.D.3d 601, 602, 940 N.Y.S.2d 867 (1st Dep't 2012) (reversing the trial court's dismissal, and holding that "the appointment of an agent under the [Motor Carrier A]ct is consent to suit in this State"); *Brinkman v. Adrian Carriers, Inc.,* 29 A.D.3d 615, 617, 815 N.Y.S.2d 196 (2d Dep't 2006) (reversing dismissal for lack of personal jurisdiction where defendant, an Iowa interstate carrier, was sued by New York residents for an accident that occurred in Illinois, on the grounds that the defendant had designated an agent for service of process in New York pursuant to the Motor Carrier Act: "The designation of an agent under the Act operates as an express consent to personal jurisdiction").

Here, Sapsan has designated with the FMCSA, that is had designated

3

"DOTPROCESSAGENTS.COM LLC" as its "blanket company" for service of process for each state and that Sapsan has filed a "BOC-3" Form with the FMCSA, which is for designation of process agents (See Ex. "A"). Accordingly, Sapsan as a interstate motor carrier has complied with the requirements of the FMCSA by designating a blanket process server for each state, including the state of New York, and has further admitted to traversing the roads of New York for the subject shipment. Thus, this Court has jurisdiction over Sapsan. *Falzon v. Johnson,* 2012 WL 4801558 (E.D.N.Y. Sept. 11, 2012).

The foregoing demonstrates that Sapsan is subject to the jurisdiction of the State of New York generally and with respect to the subject shipment. Accordingly, Defendants, Albatrans and Maersk, respectfully request that the Court enter an Order denying Sapsan's Motion to Dismiss, and for any other and further relief the Court deems just.

Dated: March 8, 2019

Respectfully submitted,

**SPECTOR RUBIN, P.A.**

By: */s/ Andrew R. Spector*
Andrew Spector (AS-3887)
3250 Mary Street, Suite 405
Miami, FL 33133
andrew.spector@spectorrubin.com

*/s/ Troy Geisser*
Troy Geisser, (TG-9012)
43 West 43rd Street, Suite 147
New York, NY 10036
troy.geisser@spectorrubin.com

Telephone: (305) 537-2000
Facsimile: (305) 537-2001
***Attorneys for Defendant, Albatrans, Inc.***

                                        **FREEHILL, HOGAN & MAHAR, LLP**

By:    */s/ Jim L Ross*
          James L. Ross, Esq.
          80 Pine Street
          New York, New York 10005
          Telephone: (212) 425-1900
          Facsimile: (212) 425-1901
          ross@freehill.com
          ***Attorneys for Defendant, Maersk Line***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this <u>8th</u> day of March 2019, *via the Court's CM/ECF system*, which shall notify all parties of record.

                                        **SPECTOR RUBIN, P.A.**

By:    */s/ Andrew Spector*
          Andrew Spector (AS-3887)

5