UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HARTFORD FIRE INSURANCE CO.,

                    Plaintiff,                                    18-cv-121 (PKC)

     -against-                                           ORDER

MAERSK LINE, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The matter of a deposition witness, Nicholas Bruno, was discussed at some length at the Court's Final Pre-Trial Conference of June 15, 2021. The Court gave plaintiff five days to designate Mr. Bruno as plaintiff's witness. It did not do so. Nor did it timely move for reconsideration. See Local Civil Rule 6.2.[1]

        This one-day bench trial was set without objection for July 20. On July 14, it was moved at plaintiff's counsel's request because of his own personal, family reasons. On July 20, the very day of the now-adjourned trial, plaintiff belatedly asks for relief with respect to Bruno.

        The discussion that occurred at the June 15 conference reflects that Bruno's former testimony was designated as part of the defendant's case in chief in the JPTO. While Bruno was a witness arguably within the Court's subpoena power, the plaintiff indicated in the JPTO had no objection to the designated testimony. The deposition testimony is listed under section 4 of the JPTO with the heading: "A page and line designation of deposition testimony to be offered by each party on the party's case in chief, with any cross-designations and objections

---

[1] A timely motion to reconsider ensures that the matter remains fresh in the Court's mind and serves the interest of finality.

- 2 -

by any other party." Witnesses for the parties were listed elsewhere in section 7 of the JPTO, and Bruno was not listed by either side. Plaintiff could have objected to the deposition testimony but did not. Plaintiff could have cross-designated deposition testimony from Bruno but did not. Nicholas Bruno was the "surveyor" who plaintiff had appointed and who examined the shipment and wrote a detailed report. Plaintiff could have listed him as a trial witness but did not.

In the exercise of discretion, the Court allowed plaintiff to belatedly call Bruno and submit his direct testimony of Bruno by June 22, which was less than a month before the then-scheduled date of trial. Plaintiff did not.

Letter application (Doc. 129) which seeks to compel the defendant to produce Bruno for cross-examination on his deposition testimony is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 22, 2021